## COFIELD v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2255. Decided Feb 28, 1933

Howard H. Gillard, Columbus, for plaintiff in error.

Wayne Fogle, Police Prosecutor, Columbus, for defendant in error.

BARNES, J.

There is no difficulty in arriving at the conclusion that Exhibit C was properly admitted as evidence. The fact that it was identified by a competent witness would make it admissible notwithstanding the fact that the cashier of the cafeteria testified that it was not the same paper that was brought to her desk. This would raise a question going to the weight of the testimony but not as to its admissibility. This difference between the two witnesses may or may not be explained from the fact that early in the forenoon Mr. Seltzer had sent to the cafeteria cashier the serial number of the missing one dollar bill. She may have had in mind this paper rather than the one that was brought up later by Miss Hazel Moushey and after comparison with the dollar bill then in the possession of the cashier, both the paper and the dollar bill taken by Miss Moushey to the office of Mr. Seltzer. The fact is that this Exhibit C was not in the possession of Miss Curran at any time.

On the second question, we are confronted at once with the well established principle that the trial court is best able to judge as to the credibility of the witnesses and only when the judgment is so manifestly against the weight as to shock the conscience will the reviewing court reverse.

The record discloses that there was before the trial court evidence that the defendant Cofield was in possession of this dollar bill which had been stolen from the desk some time between the evening of January 27th and the morning of January 28th, and also that he attempted to account for his possession of the dollar bill and thereafter retracted his statement.

It is a well recognized rule of law that when a person is found in possession of stolen property shortly after the theft and fails to explain or account for his posses-

sion or gives an incorrect account, such conduct may be considered as evidence of guilt. The fact that the desk wherein the dollar bill was secreted was under lock and key and no showing made as to how it could be taken therefrom would be evidence properly to be considered by the trial court, but standing alone would not warrant a reversal. If the witnesses for the State are to be believed, and apparently the trial court did believe them, the dollar bill was located in the desk at closing time on the evening of January 27th and was gone therefrom on the morning of January 28th when the desk was unlocked. At noon of the same day it was found in the possession of the defendant, Cofield. There was also evidence that he gave an incorrect account of the manner in which he came in possession of the dollar bill and then afterwards retracted the statement and said he did not know how he received it. It is true that the defendant Cofield denied making any conflicting statements, but again all of this testimony was before the trial court, and that court would be better able to determine the credibility from his personal observation of the witness than can this court from the cold record.

Counsel for plaintiff in error in his brief also in oral argument urge very strongly the impossibility of unlocking this Yale lock except by the two regular keys, neither of which were out of their regular custodian. We have examined the lock and the keys and find that the two keys are very dissimilar in appearance and yet either will unlock this Yale lock in question. It was not necessary for the State to prove how the defendant Cofield procured the dollar bill from the desk in the office of Miss Curran. It was a circumstance to be considered along with all other circumstances determining the question as to whether or not the evidence established the guilt beyond a reasonable doubt. The trial court so found, and this finding was affirmed by a judge of the Court of Common Pleas and this court now concurs in the finding of the lower court.

It might seem that the sentence imposed is rather severe for a first offense. But again the trial court is in the best position to pass on this question. In any event it is not within the province of this court to modify it.

The petition of the plaintiff in error will be dismissed at his costs.

Decree accordingly will be entered.

HORNBECK, PJ, and KUNKLE, J, concur.