JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, A.F., a minor, appeals the juvenile court's judgment finding him delinquent for committing one count of burglary and one count of theft. He assigns three errors for our review challenging the weight and sufficiency of the evidence and alleging a prejudicial violation of the rules of evidence. Having reviewed the record and legal arguments of the parties, we affirm the judgment of the juvenile court.
 {¶ 2} On October 26, 2007, a complaint was filed in Cuyahoga County Court of Common Pleas, Juvenile Division, alleging appellant was delinquent for committing one count of burglary, in violation of R.C. 2911.12(A)(2), and one count of theft, in violation of R.C. 2913.02. The trial court held an adjudication hearing on February 5, 2008 during which the court took testimony from two witnesses.
 {¶ 3} The first witness, J.C., a fifteen-year-old minor, testified that on October 7, 2007, he returned home from a shopping trip with a new shirt and shoes. He put his brother's bicycle, which he had been using, in the living room of his house on Lakewood Avenue in Lakewood and walked with a friend to the Walgreen's Drug Store on Detroit Avenue. Upon leaving that store, he saw appellant and another boy riding bicycles. Appellant was riding the bicycle J.C. had left at home about 20 or 30 minutes earlier. J.C. testified that he grabbed the handlebars of the bicycle and pulled the bike up so appellant had to get off of *Page 4 
it. He said he asked appellant why he had the bicycle but appellant did not answer and just hopped on the pegs of his friend's bicycle and left. J.C. stated that appellant was wearing a black book bag at the time. He also stated that appellant was a friend who he used to hang out with and who had been to his house before.
 {¶ 4} The second witness to testify was J.C. s mother. She stated that on October 7, 2007, she was at work when she received a call from J.C. stating that a friend of his had taken his shoes and a couple of games. She returned home and found the kitchen in disarray with items from the kitchen table brushed onto the floor. She noticed a sandwich maker was missing. She stated that she knew appellant and that he had been to the house before. She said she saw him come up onto the porch and look through the living room window a few days prior to the incident. She also stated that at the time the bicycle was taken, her husband was upstairs sleeping. He later reported his lighter and cigarettes missing. The only missing item recovered was the bicycle.
 {¶ 5} In his first assignment of error, appellant asserts there was insufficient evidence to support the adjudication of delinquency on the charges of burglary and theft. An adjudication of delinquency of a juvenile is reviewed under the same standards as a criminal conviction of an adult. In re W.H., Cuyahoga App. No. 89327, 2008-Ohio-915. *Page 5 
 {¶ 6} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins (1997),78 Ohio St.3d 380, 390, 1997-Ohio-52. An appellate court's function when reviewing the sufficiency of the evidence to support a conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} R.C. 2911.12(A)(2) defines the elements of burglary and provides in pertinent part that "no person, by force, stealth, or deception, shall * * * trespass in an occupied structure * * *, with purpose to commit * * * any criminal offense."
 {¶ 8} R.C. 2913.02(A)(1) defines the elements of theft and provides in pertinent part that "no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent." *Page 6 
 {¶ 9} Appellant asserts that there was no direct evidence that he had trespassed on J.C.'s property or entered the house by force, stealth, or deception. He further argues that the state failed to prove that he did not have consent of the owner to posess the bicycle. Lastly, he argues that the trial court impermissibly stacked inference upon inference in finding him delinquent and therefore the finding of delinquency must be overturned.
 {¶ 10} It is well-settled under Ohio law that a defendant may be convicted solely on the basis of circumstantial evidence. State v.Nicely (1988), 39 Ohio St.3d 147, 151. "Circumstantial evidence is not less probative than direct evidence, and, in some instances, is even more reliable." Id.
 {¶ 11} "It has long been established in Ohio that the unexplained possession by a defendant of recently stolen property may give rise to a permissive inference from which a jury may conclude, beyond a reasonable doubt, that the accused is guilty of the theft." State v.McAllister (1977), 53 Ohio App.2d 176, citing Methard v. State (1869),19 Ohio St. 363; State v. Brennan (1949), 85 Ohio App.175; Cofield v.State (1933), 14 Ohio Law Abs. 29. "Such an inference is particularly significant when, as here, the defendant offers no explanation for his possession of the stolen goods." State v. Brown, Franklin App. No. 05AP-601, 2006-Ohio-2307, _11, citing McAllister, supra. *Page 7 
 {¶ 12} The evidence established that J.C. left the bicycle in the living room of the house. The front door was closed but not locked, and his father was asleep upstairs. Approximately 20 minutes later appellant was found riding the bicycle. Appellant knew the house and had recently been observed peering in the front window. J.C. did not give appellant permission to take the bicycle. Also, there was no evidence presented that appellant had permission from J.C.'s brother. When asked, appellant offered no explanation of how or why he had the bicycle; he just took off. While appellant is correct that this case turns on circumstantial evidence, we find that when viewed in the light most favorable to the state, the circumstantial evidence presented could convince the trier of fact of appellant's guilt beyond a reasonable doubt. Therefore, appellant's first assignment of error is overruled.
 {¶ 13} In his second assignment, appellant asserts that the finding of delinquency is against the manifest weight of the evidence.
 {¶ 14} The Supreme Court of Ohio set forth the following standard for evaluating a claim that a verdict is against the manifest weight of the evidence:
 {¶ 15} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be *Page 8 
reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 16} We are mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In this case, the juvenile court heard the testimony of two witnesses, evaluated the evidence, including evidence that appellant had the stolen property in his possession, and concluded that appellant stole the bicycle out of J.C.'s house. From our review of the record, we cannot say that the trial court "clearly lost its way" in finding appellant delinquent on the charges of burglary and theft. Accordingly, appellant's second assignment is overruled.
 {¶ 17} In his final assignment of error, appellant asserts that the trial court impermissibly reviewed one of appellant's prior adjudications of delinquency immediately before appellant's trial commenced. He argues that the court was exposed to prejudicial material regarding him which, if presented during trial, would have amounted to inadmissible evidence under Evid. R. 404(B).
 {¶ 18} Evid. R. 404(B) states: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted *Page 9 
in conformity therewith." Appellant admits that no such evidence was presented at trial, but argues that the trial court had before it a file containing evidence that appellant committed other crimes of similar import. He argues that simply having the file before the court amounted to plain error. We find no merit to appellant's argument.
 {¶ 19} "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990),53 Ohio St.3d 107, 111. Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Moreland,50 Ohio St.3d 58, 63. Appellant has made no such showing.
 {¶ 20} There is nothing in the record to support appellant's assertion that the trial court reviewed the file prior to the trial on the instant case or that the trial court considered any evidence in that file. The hearing transcript shows the trial court had two matters regarding appellant before it on February 5, 2008: the trial on charges of burglary and theft which is the subject of this appeal, and the disposition on a prior case. The court made one brief reference to the prior case, stating, "That dispo was felony five, RSP. What's this one we're looking at?" There is no other reference to the prior case and appellant admits there was no evidence from the prior case presented during trial. *Page 10 
 {¶ 21} In a bench trial, the court is presumed, absent a showing to the contrary, to have considered only relevant material and competent evidence. State v. Bays, 87 Ohio St.3d 15, 1999-Ohio-216. Here, appellant has made no showing that the trial court considered any inadmissible evidence. Thus, we find neither prejudice nor error.
 {¶ 22} Appellant's third and final assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1