[Cite as *In re R.T.*, 2014-Ohio-5686.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101093**

**IN RE: R.T., JR.**
**A Minor Child**

**JUDGMENT:**
AFFIRMED IN PART;
REVERSED IN PART AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 13114437

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEYS FOR APPELLANT**

Tim Young, Director
Ohio Public Defender's Office
Brooke M. Burns
Assistant Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
John E. Jackson
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Appellant, R.T., Jr. ("R.T."), appeals from the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, that adjudicated him delinquent in connection with charges of burglary and theft. For the reasons set forth below, we affirm the delinquency adjudication for theft and reverse the delinquency adjudication for burglary.

**{¶2}** On October 3, 2013, R.T. was charged with burglary, in violation of R.C. 2911.12(A)(2), and theft, in violation of R.C. 2913.02(A)(1), in Case No. DL 13114437. R.T. denied the charges, and the matter proceeded to trial on January 16, 2014.

**{¶3}** The evidence demonstrated that at approximately 6:30 a.m. on September 24, 2013, Shirley Scott ("Scott") locked the doors to her home on Linnett Avenue ("Linnett") in Cleveland before leaving for work. Scott's nephew, J.S., had just left for school, and her son and daughter were not at home. No one had permission to be inside the home during her absence. At approximately 5:30 p.m., Scott returned from work and discovered that the house had been ransacked. Scott called the police and looked about her property as she waited for them to arrive. As she walked through her house, she determined that many items were missing, including her televisions, computer, a cell phone, stereo speaker, and jewelry. According to Scott, the doors that she had locked before leaving that morning were no longer locked. A dowel that she had placed to keep the patio door from being opened was removed, and the patio door was wide open. Scott looked outside to see if the intruder was still on her property. Neither she nor her daughter observed anyone on the property, but they did discover some of the items taken from her home stuffed into a tote bag behind their garage. Scott told her daughter to leave the items there while they waited for police. The Cleveland police arrived a short time later.

{¶4} Scott spoke with the police as they sat in their car in front of her home. When she returned to the area behind her garage, the items were gone. Scott later informed Cleveland Police Detective Todd Staimpel ("Detective Staimpel") that she suspected her nephew, J. S., may have been involved in the burglary, and that he spends time with R.T.

{¶5} Robin Greene ("Greene"), Scott's neighbor who lives on Dale Avenue, directly behind Scott, testified that at approximately 5:45 p.m., she heard a car pull into her driveway. She opened her side door and observed two people. Greene testified that she saw R.T. standing next to the trunk of the vehicle as items were loaded into it. Greene shouted for R.T. to get out of her yard. He said that he was getting his things and then he would leave. Greene noted that the vehicle was a Jetta, and she also noted the license plate number of the vehicle.

{¶6} Marsha Wolschleger ("Wolschleger"), who also lives on Dale Avenue, directly behind Linnett and across the street from Greene, observed R.T. walking up and down the street. He walked into Greene's driveway and then left. Approximately ten minutes later, Wolschleger saw R.T. in a silver Jetta as it pulled into her neighbor's driveway. At this time, she did not observe anything in the back of the vehicle. A few minutes later, the vehicle sped away. When the vehicle drove away, she observed three people in the car and electronic items inside the back of the vehicle.

{¶7} Detective Staimpel interviewed and provided photo arrays to Scott's neighbors. During separate photo arrays, both Greene and Wolschleger identified R.T. as the person they observed in Greene's driveway. Detective Staimpel traced the silver Jetta to Elida Caraballo ("Caraballo"). Within one week of the burglary at Scott's home, Detective Staimpel spotted it parked at the home of R.T.'s mother. He had the car towed and told Caraballo that it had been used as a criminal tool.

**{¶8}** Caraballo testified that she loaned the car to R.T.'s brother to use for a short time in late September.

**{¶9}** The trial court announced its decision the following day and stated:

On yesterday's case, the Court finds that there's no doubt that [R.T.] was involved and is delinquent of charges as charged here, burglary, F2, and theft, F5. So at the minimum he was at least complicit [and] definitely took part in this whole thing.

**{¶10}** R.T. now appeals, assigning the following error for our review:

The Cuyahoga County juvenile court violated R.T., Jr.'s right to due process of law when it adjudicated him delinquent of burglary without sufficient, credible, and competent evidence that he trespassed into an occupied structure when someone other than his accomplice was present or likely to be present, in violation of the fourteenth amendment to the U.S. Constitution, Article I, Section 16, Ohio Constitution, and Juvenile Rule 29(e)(4).

**{¶11}** In support of this assignment of error, R.T. argues that there is insufficient evidence to support the delinquency adjudication for burglary and theft because there was no evidence placing him inside an occupied structure or evidence showing that he took the items from the home.

**{¶12}** In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, the Ohio Supreme Court explained the standard for sufficiency of the evidence as follows:

Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

*State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

*Id.* at ¶ 113.

{¶13} R.T. was adjudicated delinquent for theft as set forth in R.C. 2913.02(A)(1), which provides:

No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]

{¶14} In addition, as stated in *In re A.F.*, 8th Dist. Cuyahoga No. 91251, 2008-Ohio-5479:

"It has long been established in Ohio that the unexplained possession by a defendant of recently stolen property may give rise to a permissive inference from which a jury may conclude, beyond a reasonable doubt, that the accused is guilty of the theft." *State v. McAllister* (1977), 53 Ohio App.2d 176, 372 N.E.2d 1341, citing *Methard v. State* (1869), 19 Ohio St. 363; *State v. Brennan* (1949), 85 Ohio App.175, 88 N.E.2d 281; *Cofield v. State* (1933), 14 Ohio Law Abs. 29. "Such an inference is particularly significant when, as here, the defendant offers no explanation for his possession of the stolen goods." *State v. Brown,* Franklin App. No. 05AP-601, 2006-Ohio-2307, ¶ 11, citing *McAllister*.

*Id.* at ¶ 10.

{¶15} R.T. was also adjudicated delinquent for burglary as set forth in R.C. 2911.12(A)(2), which provides in relevant part as follows:

No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied

structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]

{¶16} To prove complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the state must show that "the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240, 2001-Ohio-1336, 754 N.E.2d 796, syllabus. However, aiding and abetting requires the accused to have taken some role in causing the offense. *State v. Sims*, 10 Ohio App.3d 56, 59, 460 N.E.2d 672 (8th Dist.1983). The "mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner*, 69 Ohio St.2d 267, 269, 431 N.E.2d 1025 (1982).

{¶17} Applying all of the foregoing, with regard to the delinquency adjudication for theft, we note that the evidence demonstrates that when Scott returned from work, she noticed her house had been ransacked. A few minutes later, she found her possessions stuffed into a tote bag behind her garage. Two eyewitnesses observed R.T. on the street behind Scott's house and observed him in the Jetta with items inside the back of the vehicle. Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found that R.T. obtained or exerted control over Scott's property with purpose to deprive her of that property and without her consent. Therefore, we conclude that there is sufficient evidence to support R.T.'s delinquency adjudication for theft.

{¶18} Turning to the offense of burglary, we note that a burglary conviction is lacking in sufficient evidence where the state proves only that a defendant was walking nearby at the time

of the offense. *State v. Taylor*, 7th Dist. Jefferson No. 98 JE 31, 2001-Ohio-3162. The Taylor court stated:

> Mrs. Miller further testified that she did not see anyone opening or trying to open the window. (Tr. 91). The window was not examined for fingerprints or any other type of evidence linking Appellant to the fact that the window was loosened. (Tr. 135). From Mrs. Miller's testimony it is possible to infer that Appellant loosened the window. Any further inferences must be supported by additional facts.

> The record does not provide any additional facts to support a finding that Appellant intended to commit a crime within Mrs. Miller's home. No criminal tools were found in Appellant's possession or in his vehicle. No fingerprint was taken or fingerprint analysis done to further link Appellant to the loosened window by Toronto police. The state never specified or alluded to any crime which Appellant supposedly intended to commit in Mrs. Miller's home.

{¶19} Likewise in this matter, we conclude that there is no evidence to show that R.T. was on Linnett or inside Scott's home on the day of the incident. There is also no evidence identifying R.T. as one of the individuals inside the home. There was no fingerprint evidence, physical evidence, or surveillance linking him to the burglary. In addition, there is no evidence, apart from R.T.'s mere presence on the street behind Linnett, that R.T. aided or abetted the individuals or individual who committed the burglary. Therefore, we conclude that there is insufficient evidence to prove the essential elements of burglary.

{¶20} R.T.'s sole assignment of error is affirmed as to the delinquency adjudication for theft and reversed as to the delinquency adjudication for burglary. This case is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Common Pleas Court - Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR