
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES EARL FOX,

           Petitioner - Appellant,

  v.

CHARLES L. RYAN; STATE OF
ARIZONA ATTORNEY GENERAL,

           Respondents - Appellees.

No. 09-15834

D.C. No. 4:07-cv-00634-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted December 5, 2011
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and PALLMEYER, District Judge.[**]

Petitioner-Appellant James Fox appeals the district court's denial of habeas

relief under 28 U.S.C. § 2254.  We affirm.[1]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rebecca R. Pallmeyer, District Judge for the U.S. District Court for Northern Illinois, sitting by designation.

[1] Because the parties are familiar with the facts of the case, we repeat them here only as necessary to explain our decision.

Fox turned down a favorable plea deal and, after he was convicted by a jury and sentenced to 27 years in custody, moved for post-conviction relief, arguing that his trial counsel was ineffective for failing to warn him that his sentences on the multiple counts could be consecutive. What occurred following the state court's grant of post-conviction relief was unusual. The post-conviction court vacated Fox's sentence of 15.75 years for trafficking in stolen property and 11.25 years for attempted trafficking, both sentences to run consecutively—but the court did not vacate his convictions following a jury trial. The court then conducted a plea colloquy where Fox pleaded guilty to a count of which he had already been convicted, which conviction was still valid. When the state post-conviction court subsequently realized it made a mistake, it vacated the "second" guilty plea and resentenced Fox on the original convictions so that the 15.75 year term and the 11.25 year term would run concurrently. The end result of the court's actions is that Fox's total sentence was reduced from 27 years to 15.75 years.

The state appellate court's determination that the Double Jeopardy Clause was not violated by the court's *sua sponte* vacatur of the "second," accepted guilty plea, followed by its resentencing Fox pursuant to the original convictions, was reasonable. *See* 28 U.S.C. § 2254(d)(1). There is currently a split of authority in the circuits as to whether jeopardy automatically attaches in every case

immediately upon a court's acceptance of a guilty plea. *See United States v. Patterson*, 406 F.3d 1095, 1100 (9th Cir. 2005) (Kozinski, C.J., dissenting from denial of rehearing en banc) (discussing circuit split on this issue). As the Supreme Court has told us, divergent treatment by different circuit courts may "[r]eflect[] the lack of guidance from [the Supreme] Court." *Carey v. Musladin*, 549 U.S. 70, 76 (2006). That is the case here: there is no clearly established federal law as established by the Supreme Court on this issue. *See* 28 U.S.C. § 2254(d)(1). Further, the reinstatement of convictions on charges of which Fox had already been found guilty by a jury beyond a reasonable doubt, followed ultimately by a *reduction* in his overall sentence, does not implicate any of the purposes of the Double Jeopardy Clause as stated in *Ohio v. Johnson*, 467 U.S. 493, 501 (1984). The district court properly declined to grant habeas on this issue.[2]

AFFIRMED.

---

[2] We decline to consider the uncertified issue of whether the state courts applied the proper remedy for ineffective assistance of counsel.