[Cite as *State v. Castro*, 2014-Ohio-2398.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100379**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS J. CASTRO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-11-557475-A and CR-13-571484

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, OH   44113

Scott J. Orille
Kahn & Kruse Co., L.P.A.
Galleria & Towers at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

Dean Holman
Medina County Prosecutor
72 Public Square
Medina, OH   44256

Matthew A. Kern
Special Assistant Prosecuting Attorney
Office of the Medina County Prosecutor
Medina County Prosecutor
72 Public Square
Medina, OH   44256

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant Thomas Castro appeals from the trial court's decision to deny his motion to dismiss the indictment that culminated in Castro's pleading no contest to two counts of sexual battery, in violation of R.C. 2907.03(A)(1). For the following reasons, we affirm.

{¶2} Castro faced a 14-count indictment stemming from accusations levied against him for raping two separate victims. In October 2012, Castro pleaded guilty to two counts of sexual battery and, in exchange, the state dismissed the remaining counts. At the sentencing hearing, the state moved to vacate the plea because of allegations that prior to negotiating the plea, Castro and his attorney Marc Doumbas conspired to bribe the victim witnesses to present favorable testimony at sentencing. Both were charged in separate and unrelated proceedings. At Castro's sentencing hearing, Attorney Doumbas refused to withdraw as counsel of record despite the fact that Attorney McGowan entered an appearance to represent Castro. At the time, Attorney Doumbas refused to speak on behalf of Castro; Attorney Doumbas was represented by his own counsel in consideration of the charges advanced by the state. Before Attorney McGowan's appearance as co-counsel, Attorney Doumbas's own counsel advised him to remain silent during Castro's hearings.

{¶3} In anticipation that Castro would attempt to question the efficacy of Attorney Doumbas's representation if the plea progressed to sentencing, the state requested that the trial court conduct a colloquy to ascertain whether Castro entered the plea knowingly,

voluntarily, and intelligently in light of the conflict created by the conspiracy between Castro and Attorney Doumbas. Attorney McGowan, speaking on behalf of Castro, refused to answer the state's inquiry and, instead, asserted that the state had no standing to seek to vacate the plea agreement.

{¶4} The trial court vacated the plea, and in the proceedings that followed, Castro filed a motion to dismiss the indictment on the basis that the reinstated indictment violated the tenets of the Double Jeopardy Clause of the Fifth Amendment and, in the alternative, that Castro's speedy trial rights were violated. The trial court denied Castro's motion to dismiss the indictment. In May 2013, Castro pleaded no contest to the two sexual battery counts. The trial court found Castro guilty, and the court sentenced Castro to an aggregate term of four years and eleven months in Cuyahoga C.P. Nos. CR-11-557475 and CR-13-571484.

{¶5} Castro timely appealed, advancing two assignments of error. In his first assignment of error, Castro claims the trial court erred by failing to grant his motion to dismiss the indictment, placing him twice in jeopardy for the same offenses, in violation of the Fifth Amendment. We find no merit to Castro's first assignment of error and are compelled to note that Castro has not otherwise challenged the trial court's decision to vacate the original plea agreement. The primary focus of Castro's argument is that jeopardy attached upon the trial court's acceptance of the guilty plea and, therefore, the proceedings thereafter placed Castro twice in jeopardy. Castro's focus is misplaced. Whether jeopardy attached to the proceedings is not dispositive.

{¶6} The Fifth Amendment to the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects criminal defendants against reprosecution for the same offense after an acquittal, against prosecution for the same offense after a conviction, and against multiple punishments for the same offense. *State v. Underwood*, 8th Dist. Cuyahoga No. 68321, 1996 Ohio App. LEXIS 144, *16 (Jan. 18, 1996), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Double jeopardy can only protect defendants against further prosecutions if the defendant was already placed in jeopardy, defined as the single moment that jeopardy attached to the proceeding. *United States v. Patterson*, 406 F.3d 1095, 1101 (9th Cir.2005) (Kozinski, J., dissenting), citing *Serfass v. United States*, 420 U.S. 377, 388 (1975). There is currently a split of authority in the federal circuits on whether jeopardy automatically attaches in every case immediately upon a trial court's unconditional acceptance of a guilty plea. *Fox v. Ryan*, 462 Fed.Appx. 730, 732 (9th Cir.2011), citing *Patterson*, 406 F.3d 1095, 1100 (9th Cir.2005).

{¶7} Regardless of the point that jeopardy attaches for guilty or no-contest pleas, we are cognizant of the overarching premise that the attachment of jeopardy is not outcome determinative. In fact, and contrary to Castro's presumption that the attachment of jeopardy automatically compels reversal of his conviction, the conclusion that jeopardy has attached begins the inquiry. It is only if jeopardy attaches that a court is called upon to determine whether placing the defendant in the position of again facing jeopardy due to

termination of commenced proceedings comports with the Double Jeopardy Clause of the United States Constitution. *Illinois v. Somerville*, 410 U.S. 458, 467-468, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). In determining that the attachment of jeopardy merely begins the inquiry, the Supreme Court repeatedly emphasized as follows:

> "The double-jeopardy provision of the Fifth Amendment * * * does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again. * * * What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments."

*Id.* at 470, quoting *Wade v. Hunter*, 336 U.S. 684, 688-689, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

{¶8} Even if we assume that jeopardy attached at the moment the trial court accepted Castro's guilty plea to the original indictment, the alleged criminal conspiracy that transpired between Castro and his attorney of record during the plea process sufficiently tainted the proceedings, thus giving rise to a manifest necessity for vacating the plea. On this point, the *Somerville* decision is illustrative.

{¶9} In *Somerville*, after a jury was empaneled and sworn, the state determined that the indictment was defective pursuant to then applicable Illinois law, which not only prevented an amendment, but also allowed the defendant to pursue reversal of his

conviction in postconviction relief. In the face of this quintessentially figurative "catch-22," the state moved for an immediate mistrial on the basis that any trial proceedings would be useless. The defendant sought dismissal of the indictment, claiming that jeopardy attached to the first proceedings because he never objected to the defective indictment and wished to proceed with the trial. In keeping with the notion of avoiding the rigid, over-mechanical application of the double jeopardy principles, the Supreme Court determined it could not "say that the declaration of a mistrial was not required by 'manifest necessity' or the 'ends of public justice'" because the trial court had no leeway to prevent the defendant from asserting the defective indictment after an unfavorable trial. *Somerville*, 410 U.S. 458, 469, 93 S.Ct. 1066, 35 L.Ed.2d 425.

{¶10} It was apparent, had the principles of double jeopardy been rigidly applied, that the defendant would have had the functional equivalent of a penalty-free chance to try his case without fear of the ultimate penalty. For example, the defendant could advance an all-or-nothing defense theory, knowing that should the jury find him guilty and he faced a heavy penalty, all could be undone because of the defect in the indictment, and the state would be forced to reprosecute.

{¶11} In this case, Castro placed the state in a similar position. Castro colluded with his attorney to bribe witnesses in an attempt to garner a favorable sentencing decision from the court. At the sentencing hearing, the state conceded it had no basis to withdraw the plea agreement already accepted by the court. However, the state rightfully concluded that to proceed straight to sentencing placed the original guilty plea in a

precarious position in light of the conflict created by Castro's co-conspirator relationship with his attorney. Had the sentencing not gone in Castro's favor, he could have mounted an attack against the efficacy of Attorney Doumbas's representation in light of the fact that Attorney Doumbas conspired to commit a crime with Castro, severely tainting the effectiveness of Attorney Doumbas's representation.

{¶12} In an attempt to ensure that Castro entered the plea knowingly, voluntarily, and intelligently in light of this newly discovered evidence, the state sought a second colloquy between the trial court and Castro to ensure that the plea remained on firm footing. Rather than allowing this colloquy, Castro, through his co-counsel of record Attorney McGowan, failed to respond and solely relied on the nonresponsive assertion that the state had no authority to move to vacate the plea. It is clear from the transcript of proceedings that the state's hesitation with proceeding with the sentencing was its inability to prevent Castro from claiming that Attorney Doumbas was ineffective should the sentencing not comport with Castro's sense of justice.

{¶13} In light of these specific facts, the trial court denied Castro's motion to dismiss the reinstated indictment. In the context of double jeopardy, the trial court's original decision to vacate the guilty plea functioned the same as granting a mistrial after the empaneling and swearing in of a jury. Both terminated proceedings after a tenable point when jeopardy attached to the proceedings. As the Supreme Court noted, however,

> where the declaration of a mistrial implements a reasonable state policy and aborts a proceeding that at best would have produced a verdict that could have been upset at will by one of the parties, the defendant's interest in

proceeding to verdict is outweighed by the competing and equally legitimate demand for public justice.

*Somerville*, 410 U.S. 458, 471, 93 S.Ct. 1066, 35 L.Ed.2d 425. Regardless of Castro's arguments, after the fact, that he would not have challenged his plea after being sentenced, the fact remains that had the original sentencing proceeded, Castro could have upset the final conviction at will based on the conflict created by the criminal conspiracy with Attorney Doumbas during the plea process, effectively giving Castro a free pass to see whether the court would render a harsh or lenient sentence before having to decide the efficacy of his trial counsel. Again, at no time has Castro challenged the court's authority to vacate his original guilty plea. Thus, Castro's arguments as to when jeopardy attached are misplaced. The crux of the argument must focus on whether a manifest necessity existed to circumvent the prohibition against placing Castro twice in jeopardy founded upon the Fifth Amendment. The state established a manifest necessity to reset the trial proceedings in light of the discovered criminal conspiracy between Castro and his attorney tainting the plea proceedings. In this specific case based on the unforeseen, criminal conspiracy between Castro and his attorney, Castro's valued right to have his trial completed by a particular tribunal must be subordinated to the public's interest in fair trial proceedings designed to end in just judgments.

{¶14} In the context of dispelling the manifest necessity with which the trial court acted in vacating his plea, Castro claims that the state's motion to vacate the plea was pretextual. Castro claims the state intended to bring additional charges based on the bribery allegations and another victim of sexual assault completely unrelated to the two

victims named in Cuyahoga C.P. CR-11-557475-A. Castro, however, does not argue that either the bribery or additional allegations for an unrelated victim would have been precluded by a conviction in CR-11-557475-A in order to even claim the reinstated indictment in CR-11-557475-A was pretextual. Further, inasmuch as Castro vaguely argued in this appeal that the state attempted to introduce the bribery charges as evidence of guilt for the sexual assault charges in CR-11-557475-A and that the 2013 indictment in Cuyahoga C.P. CR-13-571484 for the unrelated victim served to "enhance a potential sentence," Castro failed to provide citations to the record or relevant authority substantiating those claims. Castro conceded that the reinstated indictment in CR-11-557475-A mirrored the original indictment.

{¶15} Castro relies heavily on the Seventh District's decision in *State v. Heslop*, 7th Dist. Belmont No. 11-BE-19, 2012-Ohio-5118, in which the court held the trial court acted without authority in vacating a plea entered upon the mutual mistake of the parties. Castro argues this decision compels the reversal of the trial court's decision to vacate his plea. Castro's reliance is misplaced. He is not challenging the trial court's decision to vacate his plea, so we need not determine the validity of the *Heslop* court's stated proposition of law. We also note that any references to double jeopardy were merely in passing, the court admitting that the facts in *Heslop* may involve a " potential violation of the right against double jeopardy." *Id.* at ¶ 25. In short, the Seventh District's decision is either inapplicable or sufficiently vague as to prevent any meaningful insight into our current decision.

{¶16} Finally, Castro cites several cases for the proposition that in order to reinstate an indictment against a defendant after vacating a guilty plea over the defendant's objection, the state must prove the defendant breached the plea agreement. *Underwood*, 8th Dist. Cuyahoga No. 68321, 1996 Ohio App. LEXIS 144; *State v. Taylor*, 9th Dist. Lorain No. 92CA005469, 1993 Ohio App. LEXIS 2585 (May 19, 1993). Neither case stands for the proposition Castro advances, that a plea may be vacated over the defendant's objection only if he breached the terms of the agreement. Rather, both cases merely hold that a defendant's breach of a plea agreement authorizes the trial court to vacate his plea and reinstate the indictment without violating any notion of double jeopardy, if jeopardy already attached. Again, Castro's reliance is misplaced.

{¶17} Accordingly, Castro's first assignment of error is overruled. Castro failed to substantiate the basis of his claim that no manifest necessity existed to circumvent the implications of the Double Jeopardy Clause of the United States Constitution. Based on the specific facts presented in the record — that Castro conspired with his attorney to taint the sentencing proceedings before pleading guilty — the trial court's order vacating the guilty plea did not violate the notion of double jeopardy because a manifest necessity existed warranting the intercession.

{¶18} In Castro's second assignment of error, Castro claims his trial counsel was ineffective for failing to file a motion to dismiss the reinstated indictment on the basis that Castro's statutory and constitutional rights to a speedy trial were violated.

{¶19} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223. We find no merit to Castro's claims that his right to a speedy trial was violated and, therefore, his counsel's performance cannot be deemed ineffective.

{¶20} Castro claims that over 300 speedy trial days elapsed between his arrest in December 2011 and his no-contest plea in May 2013. Castro, however, originally pleaded guilty in October 2012. This court previously considered the effects of a defendant's plea and a subsequent order vacating his plea upon the statutory right to a speedy trial. *State v. McAllister*, 53 Ohio App.2d 176, 372 N.E.2d 1341 (8th Dist.1977). This court held that "[t]he provisions of Ohio's speedy trial statutes, R.C. 2945.71 et seq., are directed solely to an original trial following the arrest of a defendant, and have no application to the time within which a defendant must be tried following the vacation of a no contest plea on his own motion." *Id.* at 178; *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 20 ("In situations where the legislature has not

expressed its intent for R.C. 2945.71 to apply, the time limitation for bringing the appellant to trial is governed by the Sixth Amendment to the United States Constitution").

**{¶21}** This rationale extends to situations, such as the current one, where a defendant's guilty plea is vacated, because the guilty plea acted as the original trial proceeding satisfying the statutory requirement that the defendant be brought to trial within the 270-day period. *State v. Davis*, 2d Dist. Montgomery No. 16050, 1997 Ohio App. LEXIS 3407 (July 18, 1997); *State v. Johnson*, 2d Dist. Montgomery No. 23908, 2011-Ohio-1286. Castro's statutory right to a speedy trial was not violated. Castro pleaded guilty to the original indictment terminating his statutory right to a speedy trial.

**{¶22}** We also find that Castro's constitutional speedy trial rights were not violated. There are four broad factors within the framework for analyzing constitutional speedy-trial claims: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. The length of delay is the triggering mechanism. *State v. Kraus*, 2d Dist. Greene No. 2011-CA-35, 2013-Ohio-393, ¶ 23, citing *Barker*. "'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *Id.*, quoting *Barker*. "Generally, courts have found that a delay approaching one year becomes 'presumptively prejudicial.'" *State v. Winn*, 8th Dist. Cuyahoga No. 98172, 2012-Ohio-5888, ¶ 44, citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

{¶23} In *Winn*, this court determined that over a year and a half between the arrest and the defendant's trial was not presumptively prejudicial because the defendant "requested numerous continuances, filed many motions, changed counsel, and underwent competency evaluations[,]" and was arrested pursuant to a capias issued when he failed to appear for pretrial hearings. *Winn* at ¶ 44. This court found that all of these delays were for the defendant's benefit and thus contributed to the delay in timely prosecuting. *Id.*

{¶24} Similarly, this case was pending for less than one and a half years from Castro's arrest to his no-contest plea in May 2013. During that time, Castro requested numerous continuances, filed many motions, and criminally conspired with his counsel — causing the trial court to vacate his original guilty plea. In light of these specific sets of circumstances, we are not persuaded that the delay was so presumptively prejudicial as to trigger consideration of the *Barker* factors. Further, even if we found the delay presumptively prejudicial, Castro is unable to demonstrate any prejudice. His sole claim of prejudice assumes that he was somehow incapable of mounting an effective defense because of the year-and-a-half delay between his arrest and his no-contest plea. Castro failed to substantiate any such prejudice in the record presented on appeal, and our independent review finds no such prejudice.

{¶25} Finding that Castro was not denied his right to a speedy trial pursuant to the United States and Ohio Constitutions and R.C. 2941.401, we find that his trial counsel was not ineffective for failing to file a motion to dismiss the indictment because of a speedy trial violation. Castro's second and final assignment of error is overruled.

**{¶26}** The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MELODY J. STEWART, J., CONCUR
KEY WORDS:
Appeal No.   100379   State of Ohio v. Thomas J. Castro

Double jeopardy; attachment of jeopardy to guilty plea; manifest necessity; speedy trial; effect of guilty plea on speedy trial. The trial court did not err in denying defendant's motion to dismiss because although jeopardy attached to the court's acceptance of his guilty plea, a manifest necessity warranted the re-indictment stemming from the defendant's criminal conspiracy entered prior to the guilty plea. The trial court also did not err in denying the motion to dismiss based on the ineffectiveness of his trial counsel in failing to assert defendant's speedy trial rights because the defendant's rights were not violated.