[Cite as *State v. Williams*, 2018-Ohio-845.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105590**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KINYATAE WILLIAMS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-609718-A

**BEFORE:** E.A. Gallagher, A.J., E.T. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 8, 2018

**ATTORNEY FOR APPELLANT**

Myriam Miranda
P.O. Box 40222
Bay Village, Ohio 44140


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Andrew F. Rogalski
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Kinyatae Williams appeals his convictions for rape, kidnapping and gross sexual imposition in the Cuyahoga County Court of Common Pleas. We affirm and remand for the issuance of a nunc pro tunc entry.

**Facts and Procedural History**

{¶2} Williams was charged with four counts of rape, two counts of kidnapping and two counts of gross sexual imposition. The case proceeded to a bench trial on February 17, 2017. Prior to trial the state dismissed two counts of rape, one count of kidnapping and one count of gross sexual imposition prior to trial.[1] At trial, the following facts were adduced.

{¶3} C.B. and her seven-year old daughter, A.J., lived in Garfield Heights from August 2014 until July 2015. A.J.'s date of birth is December 30, 2009. C.B. met Williams at a gas

---

[1]The state also dismissed a second case against Williams that contained four counts that were redundant to the remaining charges in the present case.

station and began to communicate with him via social media. C.B. and Williams eventually developed a sexual relationship and, in March 2015, Williams spent four or five days staying at C.B.'s home while C.B.'s daughters were present in the home.

**{¶4}** A.J. testified that during one of the mornings that Williams was staying at the home she accidently woke Williams up when she intended to rouse her mother. A.J. testified Williams pulled his pants down in the kitchen of the home and put her on a shelf. According to A.J., Williams turned her around, put his hands in her pants and touched her "behind." He then put her down, pulled his pants down and put his private part in her mouth causing her to choke. A.J. described Williams' "private part" as "long and yucky" and identified it on a diagram by circling the groin. A.J. testified that the incident ended when she heard her mother waking up. C.B. testified that she did not see any inappropriate sexual interaction between Williams and A.J. but that she did witness an odd exchange between the two when she saw A.J. with her hand over her mouth. When she asked what was wrong, Williams told her it was "nothing."

**{¶5}** C.B. testified that she had no further in-person contact with Williams after March 2015, and that A.J. told her about the incident in August or September 2015 after A.J. saw a picture of Williams on C.B.'s phone. C.B. did not report the incident to authorities. C.B. testified that she began noticing changes in A.J.'s behavior around the same time. A.J. began throwing tantrums, digging into her skin, pulling out pieces of her hair, screaming and kicking. A.J.'s kindergarten teacher referred her to Emma Bogard, a social worker with Bellefaire JCB. Bogard spoke to C.B. and later asked A.J. what had happened. A.J. told Bogard that Williams had put "the thing that he pees with" in her mouth. She then diagnosed A.J. with post-traumatic stress disorder.

**{¶6}** Bogard reported the incident to Cuyahoga County Division of Child and Family Services ("CCDCFS") who referred A.J. to Rainbow Babies and Children's Hospital where she was examined and interviewed by a sexual assault nurse examiner ("SANE") nurse and a sex abuse social worker. The social worker testified that A.J., in addition to the other allegations, indicated to her that Williams touched her chest underneath her top and her vaginal area with his finger.

**{¶7}** At the conclusion of the state's case, Williams' attorney moved to dismiss all counts pursuant to Crim.R. 29. The trial court denied the motion but reduced the second rape charge in count two to gross sexual imposition. The trial court subsequently found Williams guilty of rape with sexually violent predator specifications, notice of prior conviction and repeat violent offender specifications as charged in count one; gross sexual imposition with a sexually violent predator specification in count two; kidnapping with a sexual motivation specification, a sexually violent predator specification, notice of prior conviction and a repeat violent offender specification as charged in count three and gross sexual imposition with a sexually violent predator specification as charged in count four.

**{¶8}** The trial court found the rape and kidnapping counts to be allied offenses and merged those counts for sentencing. The state elected to proceed to sentencing on the rape count. The trial court imposed a sentence of life without parole pursuant to R.C. 2971.03(A)(2) on that count. The trial court also imposed prison terms of three years to life on both counts of gross sexual imposition and ordered the sentences on all counts to be served concurrently.

**Law and Analysis**

**I. Motion to Exclude A.J.'s Testimony**

{¶9} In his first assignment of error, appellant argues that the trial court erred in finding A.J. competent to testify and denying his motion to exclude her testimony.

{¶10} Evid.R. 601(A) provides in relevant part: "Every person is competent to be a witness except: * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." A trial court is required to conduct a voir dire examination of a child under ten years of age to determine the child's competence to testify. *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 100. In making this determination, the court must consider the following:

> "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful."

*Id*., quoting *State v. Frazier*, 61 Ohio St.3d 247, 251, 574 N.E.2d 483 (1991).

{¶11} The determination of a child's competence to testify is within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. *Maxwell* at ¶ 100.

{¶12} In this instance, Williams challenges only the fifth element: A.J.'s appreciation of her responsibility to be truthful. The record reflects that during a competency hearing prior to trial A.J. demonstrated that she understood the difference between telling the truth and lying. A.J. understood that telling the truth is a good thing and lying is a bad thing. She understood that her job in court was to tell the truth and she explained that if she lied at school she would get in trouble. In *State v. Marcinick*, 8th Dist. Cuyahoga No. 89736, 2008-Ohio-3553, this court found a child's appreciation for his responsibility to tell the truth had been sufficiently demonstrated under nearly identical testimony. *Id*. at ¶ 40. We find no abuse of discretion here.

**{¶13}** Williams' first assignment of error is overruled.

## II. Speedy Trial

**{¶14}** In his second assignment of error, Williams argues that the trial court erred in denying his motion to dismiss the indictment against him due to a constitutional speedy trial violation. Williams does not raise statutory speedy trial rights under R.C. 2945.71 but instead limits his argument to alleged violations of his constitutional speedy trial rights under the United States and Ohio Constitutions.

**{¶15}** Our review of a challenge to a constitutional speedy trial violation often raises a mixed question of law and fact. *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 19. We apply a de novo review to the legal issues, but afford great deference to any factual findings made by the trial court. *Id*.

**{¶16}** Whether a defendant's constitutional right to a speedy trial has been violated is determined by applying the balancing test set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant. *State v. Castro*, 2014-Ohio-2398, 13 N.E.3d 720, ¶ 22 (8th Dist.), citing *Barker* at 530. A defendant must meet the "threshold requirement" of a "presumptively prejudicial" delay in order to trigger a *Barker* analysis. *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶ 31, citing *State v. Duncan*, 8th Dist. Cuyahoga No. 97208, 2012-Ohio-3683, ¶ 8. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Duncan* at ¶ 7, quoting *Barker* at 530-531. Courts have generally held that "a delay

approaching one year becomes presumptively prejudicial." *Duncan* at ¶ 9, citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

{¶17} Here, Williams' 258 days awaiting trial fail to meet the threshold showing of a presumptively prejudicial delay. Williams' argument that we should "triple count" his days awaiting trial by incorporating portions of Ohio's statutory speedy trial provisions into our analysis is without merit because this court has previously held that the statutory time requirements of R.C. 2945.71 through 2945.73 are not relevant in examining a constitutional claim on speedy trial grounds. *Barnes* at ¶ 28. Furthermore, the record reflects that Williams caused delay by twice changing counsel prior to trial. The trial court explained as much to Williams when it granted a joint motion by Williams and his second trial counsel for that counsel to withdraw after the state presented jail house phone call recordings that featured Williams making a threat of violence against said counsel.

{¶18} Williams' second assignment of error is overruled.

### III. Sentencing

{¶19} In his third assignment of error, Williams argues that the trial court erred in sentencing him to life without parole pursuant to R.C. 2971.03(A)(2) absent findings of guilt as to the furthermore clauses pertaining to the age of the victim, the use of force and the resulting serious physical harm as well as a notice of prior conviction under R.C. 2907.02(A)(1)(b).

{¶20} The record reflects that the parties appeared for the announcement of the verdict on March 6, 2017. In regards to the first count the trial court stated:

> Count 1, rape, the felony of the first degree, guilty. Repeat violent offender specification was shown by the journal entry provided by the State and the notice of prior conviction.

**{¶21}** After addressing the other counts the court noted that the lead prosecutor was in another courtroom and called for a brief recess before proceeding to the sexually violent predator hearing. When the court returned to the record the prosecutor asked for a clarification of the verdict as to the furthermore clauses and the trial court stated:

> And for clarity sake, he was found guilty in Count 1 of all specifications other than the sexually violent predator specification which had to be tried and all the furthermore and all the allegations within the indictment.

**{¶22}** Williams did not object to the court's clarification so we review for plain error. Plain errors are obvious defects in trial proceedings that affect "substantial rights," and "although they were not brought to the attention of the court," they may be raised on appeal. Crim.R. 52(B). To affect substantial rights, "the trial court's error must have affected the outcome of the trial." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Plain error is recognized "only in exceptional circumstances * * * to avoid a miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 94-95, 372 N.E.2d 804 (1978).

**{¶23}** We find no plain error in this instance. The trial court clarified that its guilty finding included the relevant furthermore clauses before proceeding to the sexually violent predator hearing. Williams has offered no argument to establish how the clarification affected his substantial rights. Williams does correctly note that the trial court's final journal entry failed to incorporate the disposition of the furthermore clauses. However, any error pertaining to the omissions can be remedied by a nunc pro tunc entry upon remand. *See, e.g., State v. Ferrell*, 8th Dist. Cuyahoga No. 92573, 2010-Ohio-1201, ¶ 77.

**{¶24}** Williams' third assignment of error is overruled.

**IV. Sufficiency**

{¶25} In his fourth assignment of error, Williams contends that the trial court erred in denying his Crim.R. 29 motion for acquittal and that his convictions for rape, kidnapping and two counts of gross sexual imposition are not supported by sufficient evidence.

{¶26} A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 13. Accordingly, we review a trial court's denial of a defendant's motion for acquittal using the same standard we apply when reviewing a sufficiency-of-the-evidence challenge. *Id.*

{¶27} A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the state met its burden of production. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41. When reviewing sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25; *Jenks* at paragraph two of the syllabus.

{¶28} Williams argues that the state failed to present sufficient evidence to support his convictions for rape, kidnapping and two counts of GSI.

{¶29} Williams was convicted of rape in violation of R.C. 2907.02(A)(1)(b) which provides, in relevant part: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age,

whether or not the offender knows the age of the other person." "Sexual conduct" includes fellatio. R.C. 2907.01(A). Here, A.J.'s testimony satisfied all the elements of rape in violation of R.C. 2907.02(A)(1)(b).

{¶30} We need not address appellant's guilty finding as to kidnapping because that offense merged with his rape offense. *See State v. Franks*, 8th Dist. Cuyahoga No. 103682, 2016-Ohio-5241, ¶ 18 (explaining that any sufficiency error as to merged counts would be harmless error); *State v. Ramos*, 8th Dist. Cuyahoga No. 103596, 2016-Ohio-7685, ¶ 14 (holding that when counts in an indictment are allied offenses, and there is sufficient evidence to support the offense on which the state elects to have the defendant sentenced, the appellate court need not consider the sufficiency of the evidence on the count that is subject to merger because any error would be harmless).

{¶31} As to Williams' gross sexual imposition convictions, his sole argument is that the state failed to present sufficient evidence of a second instance of sexual contact to support two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). We disagree. The testimony of the witnesses established that Williams touched A.J. on both her buttocks and her vaginal area. There was even testimony that Williams touched A.J.'s chest underneath her clothing.

{¶32} We find no merit to Williams' sufficiency challenge.

{¶33} Williams' fourth assignment of error is overruled.

**V. Sexually Violent Predator Specifications**

{¶34} In his fifth assignment of error, Williams argues that the trial court erred in relying in part on his 2009 conviction for rape of a minor less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b) in support of its conclusion that Williams is a sexually violent predator.

**{¶35}** R.C. 2971.01(H)(1) defines a "sexually violent predator" as "a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(2)(a)-(f) lists the factors that may be considered by the factfinder as evidence tending to indicate that there is a likelihood that the person will engage in the future in one or more sexually violent offenses. It provides:

> (a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim oriented offense. For purposes of this division, convictions that result from or are connected with the same act or result from offenses committed at the same time are one conviction, and a conviction set aside pursuant to law is not a conviction.
>
> (b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.
>
> (c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.
>
> (d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.
>
> (e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.
>
> (f) Any other relevant evidence.

R.C. 2971.01(H)(2).

**{¶36}** Williams fails to cite any authority that bars a trial court from considering a prior felony rape conviction committed by a minor as a relevant factor in the R.C. 2971.01(H)(2) analysis. In fact, R.C. 2971.01(H)(2)(b) specifically instructs the court to consider an offender's childhood and juvenile history. Furthermore, this court has previously held that the sexually

violent predator statute does not even require a defendant to have a prior conviction for a sexually oriented offense to be found guilty of a sexually violent predator specification. *State v. Mitchell*, 8th Dist. Cuyahoga No. 94287, 2010-Ohio-5775, ¶ 26.

**{¶37}** The record reflects that the present offense was Williams' second rape of a child under the age of 13. We find no merit to Williams' argument that the trial court improperly considered information that the statute deemed relevant.

**{¶38}** Williams' fifth assignment of error is overruled.

**VI. Costs**

**{¶39}** In his sixth assignment of error, Williams argues that the trial court erred by ordering him to pay court costs in its sentencing journal entry that it did not impose at the sentencing hearing. The Ohio Supreme Court recently clarified in *State v. Beasley*, Slip Opinion No. 2018-Ohio-493, that a remand for correction is unnecessary under such circumstances because, pursuant to R.C.2947.23(C), a defendant may file a motion to waive costs at any time. *Id.* at ¶ 265.

**{¶40}** Williams' sixth assignment of error is overruled.

**{¶41}** The judgment of the trial court is affirmed.

**{¶42}** Case remanded to allow for the trial court to issue a nunc pro tunc entry incorporating the disposition of the furthermore clauses consistent with *State v. Ferrell*, 8th Dist. Cuyahoga No. 92573, 2010-Ohio-1201, ¶ 77.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR