[Cite as *State v. A.N.C*, 2018-Ohio-362.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-02-012 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 1/29/2018 |
| - vs - | : | |
| | : | |
| A.N.C., | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 15-N000958

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Tyrone P. Borger, 24 Remick Boulevard, Springboro, Ohio 45066, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Appellant, A.N.C., appeals from the decision of the Warren County Court of Common Pleas, Juvenile Division, adjudicating her a delinquent child. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} On Tuesday, October 6, 2015, Officer Darcy Workman with the Hamilton

Township Police Department filed a complaint alleging A.N.C was a delinquent child for having committed an act that if charged as an adult would constitute burglary in violation of R.C. 2911.12(B), a fourth-degree felony. According to the complaint, the charge stemmed from allegations A.N.C. burglarized the home of Scott and Marybeth Gray on the afternoon of Monday, October 5, 2015. At the time of the offense, A.N.C., who was then just 12-years-old, was accompanied by two other 12-year-old girls, K.L.P.W. and V.A.C., both of whom were also alleged to be delinquent children resulting from this incident.

{¶ 3} On January 11, 2016, a joint adjudication hearing was held before a juvenile court magistrate. During this hearing, the state presented testimony from the Grays, Officer Workman and the Grays' neighbor, Beverly Luncan. Specifically, Luncan testified she watched from across the street as A.N.C., K.L.P.W., and V.A.C. forced their way into the Grays' garage by raising the garage door to a point where they were all able to crawl under, thus prompting Luncan to call the police. Approximately five minutes later, Officer Workman arrived at the scene and heard talking and laughter coming from the Grays' garage. Not knowing who was inside, Officer Workman testified she knocked on the garage door and ordered the occupants of the garage to come out, which prompted the talking and laughter to stop. Shortly thereafter, A.N.C., K.L.P.W., and V.A.C. were all seen on the Grays' property emerging from behind the Grays' home. Luncan identified A.N.C., K.L.P.W., and V.A.C. as the same girls she had seen forcing their way into the Grays' garage and the three girls were placed under arrest by Officer Workman.

{¶ 4} On January 20, 2016, the magistrate issued a decision adjudicating A.N.C. a delinquent child. Following her adjudication, A.N.C. filed objections to the magistrate's decision, which the trial court denied on March 29, 2016. After some delay, on January 20, 2017, the magistrate held a dispositional hearing and issued a decision committing A.N.C. to the Warren County Juvenile Detention Center for a period of five days, all of which was

- 2 -

suspended. The magistrate also ordered A.N.C. to complete 20 hours of community service and pay court costs. That same day, the juvenile court adopted the magistrate's dispositional decision in its entirety.

{¶ 5} A.N.C. now appeals from the juvenile court's decision adjudicating her a delinquent child, raising the following single assignment of error for review.

{¶ 6} THE JUVENILE COURT'S DECISION IN FINDING APPELLANT A DELINQUENT CHILD WAS NOT PROVEN BY A MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} In her single assignment of error, although couched in a claim alleging only that her adjudication as a delinquent child was against the manifest weight of the evidence, A.N.C. argues both that her adjudication was not supported by sufficient evidence and was against the manifest weight of the evidence. We find no merit to A.N.C.'s claims.

**Standard of Review**

{¶ 8} The standard of review employed by this court in determining whether a juvenile's adjudication as a delinquent child was supported by sufficient evidence is the same as the standard used in adult criminal cases. *In re B.T.B.*, 12th Dist. Butler No. CA2014-10-199, 2015-Ohio-2729, ¶ 16. In reviewing those types of cases, this court examines the evidence presented at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. In conducting such a review, the relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v.*

*Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33.

{¶ 9} Just as with the sufficiency of the evidence standard of review, the standard of review employed by this court in determining whether a juvenile's adjudication as a delinquent child was against the manifest weight of the evidence is the same standard used in adult criminal cases. *In re D.T.W.*, 12th Dist. Butler No. CA2014-09-198, 2015-Ohio-2317, ¶ 32. In reviewing those types of cases, this court examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In conducting such a review, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

{¶ 10} As can be seen, "'[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.'" *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541 (1987). Nevertheless, because this court's determination that a juvenile's adjudication as a delinquent child was supported by the manifest weight of the evidence necessarily includes a finding on sufficiency, "the determination that a juvenile court's delinquency finding is supported by the manifest weight

of the evidence will also be dispositive of the issue of sufficiency." *In re M.J.C.*, 12th Dist. Butler No. CA2014-05-124, 2015-Ohio-820, ¶ 29, citing *In re N.J.M.*, 12th Dist. Warren No. CA2010-03-026, 2010-Ohio-5526, ¶ 35. Therefore, this court will begin its analysis by examining whether A.N.C.'s delinquency adjudication was supported by the manifest weight of the evidence.

**Analysis**

{¶ 11} As noted above, A.N.C. was adjudicated a delinquent child for committing an act that if charged as an adult would constitute burglary in violation of R.C. 2911.12(B), a fourth-degree felony. Pursuant to that statute, no person, by force, stealth, or deception, "shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." Accordingly, in order for the trial court to adjudicate A.N.C. as a delinquent child, the state was required to prove beyond a reasonable doubt that A.N.C. used force, stealth, or deception to trespass into the Grays' garage at a time when another person, other than either of her two accomplices, was present or likely to be present. *In re A.C.D.*, 12th Dist. Warren No. CA2014-06-085, 2015-Ohio-232, ¶ 11.

{¶ 12} Initially, A.N.C. argues her adjudication as a delinquent child was against the manifest weight of the evidence because the state failed to provide any evidence that she used force to trespass into the Grays' garage. However, although there may not have been any direct, eyewitness testimony that A.N.C. herself used force to trespass into the Grays' garage, the state provided overwhelming circumstantial evidence that A.N.C., while working in conjunction with K.L.P.W. and V.A.C., forced her way into the Grays' garage by raising the garage door to a point where the girls were all able to crawl under. It is well-established that circumstantial evidence has the same probative value as direct evidence. *In re L.W.*, 9th Dist. Summit No. 24632, 2009-Ohio-5543, ¶ 34, citing *Jenks*, 61 Ohio St.3d at

paragraph one of the syllabus. This is particularly true here when considering Officer Workman heard talking and laughter coming the Grays' garage upon arriving at the scene, and there was evidence that A.N.C., K.L.P.W., and V.A.C. were then all seen emerging from behind the Grays' residence after Officer Workman ordered the occupants of the garage to come out. A.N.C.'s first argument lacks merit.

{¶ 13} Next, A.N.C. argues her adjudication as a delinquent child was against the manifest weight of the evidence because the state failed to provide any evidence that she trespassed into the Grays' garage. However, just as with her claim alleging the state failed to provide any evidence that she used force to enter into the Grays' garage, the state also provided overwhelming circumstantial evidence that A.N.C., K.L.P.W., and V.A.C. all trespassed into the Grays' garage by working in conjunction with each other in order to raise the garage door to a point where they were all able to crawl under. Again, this includes evidence that Officer Workman heard talking and laughter coming from the Grays' garage upon arriving at the scene just prior to when A.N.C., K.L.P.W., and V.A.C. were all seen emerging from behind the Grays' residence after Officer Workman ordered the occupants of the garage to come out. A.N.C.'s second argument lacks merit.

{¶ 14} Finally, A.N.C. argues her adjudication as a delinquent child was against the manifest weight of the evidence because the state failed to provide any evidence she trespassed into the Grays' garage at a time when another person, other than either of her two accomplices, K.L.P.W. and V.A.C., was present or likely to be present. We rejected this exact argument in *State v. K.L.P.W.*, 12th Dist. Warren Nos. CA2016-06-047 and CA2016-06-053, 2017-Ohio-5671 and *State v. V.A.C.*, 12th Dist. Warren No CA2017-01-011, 2017-Ohio-5779, wherein this court upheld the juvenile court's decision adjudicating both K.L.P.W. and V.A.C. as delinquent children. In reviewing the record for a third time, we see no reason to deviate from our prior holdings in *K.L.P.W.* and *V.A.C.* and therefore,

we again conclude that the record firmly establishes that the Grays' residence, which included the Grays' attached garage, was a permanent dwelling where another person was likely to be present. A.N.C.'s third argument lacks merit.

**Conclusion**

{¶ 15} In light of the foregoing, having found no merit to any of the three arguments advanced by A.N.C. herein, we find the juvenile court's decision adjudicating A.N.C. a delinquent child was supported by sufficient evidence and was not against the manifest weight of the evidence. A.N.C.'s single assignment of error is therefore overruled. In so holding, we again note that while we believe a charge of burglary may have been overly harsh given the facts of this case, it is the state that decides what offense to charge, even if that charge is brought against a 12-year-old girl.

{¶ 16} Judgment affirmed.

RINGLAND, J. and HENDRICKSON, J., concur.