[Cite as *In re D.J.*, 2020-Ohio-1317.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2019-02-010 |
| D.J. | : | O P I N I O N |
| . | | 4/6/2020 |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 17-N000719

Sean Brinkman, 10 West Monument Avenue, Dayton, Ohio 45402, for appellant

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

**M. POWELL, P.J.**

{¶ 1} Appellant, D.J., appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child.[1]

{¶ 2} In August 2017, appellant was charged by juvenile complaint with multiple acts that would be felony offenses if committed by an adult: three counts of rape, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C.

---

1. As defined by R.C. 2152.02(C)(1), a child is a person under the age of 18.

2907.05(A)(4). These acts were alleged to have been committed against his younger female cousin, M.R. ("the victim"), while he and his family lived in the same house as the victim in and around May through June 2017. The matter proceeded to an adjudication hearing in January 2019. At the adjudication hearing, the prosecution called the victim to testify, the investigating police officer, and the victim's mental health counselor. For the defense, appellant testified on his own behalf and called his aunt (the victim's mother) and younger brother to testify.

{¶ 3} At the conclusion of the hearing, the juvenile court found that appellant had committed each of the acts charged and adjudicated him delinquent. At the disposition hearing, the juvenile court merged the acts charged and committed appellant into the custody of the Ohio Department of Youth Services for an indefinite period of not less than one year but for no longer than the time he reached his 21st birthday. The juvenile court suspended that commitment subject to appellant's acceptance into the Butler County Rehabilitation Center.

{¶ 4} Appellant now appeals, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} [APPELLANT] WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 7} In his first assignment of error, appellant argues that he received ineffective assistance of counsel because his trial counsel failed to object to evidence of "other crimes, wrongs, or acts" that violated Evid. R. 404(B). The first other act evidence involved evidence that when the victim was nine years old she watched a pornographic movie with appellant and two other male cousins and appellant touched her along her leg and close to her genitalia. The second other act evidence is testimony from witnesses that appellant had engaged in around 40 other incidents of sexual activity with the victim in a three-year

period prior to the instant acts charged.

{¶ 8} A child has the right to counsel during proceedings against him. R.C. 2151.352; *In re Gault*, 387 U.S. 1, 36-37, 87 S.Ct. 1428 (1967). The child's right to counsel is a right to effective counsel. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 93, citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441 (1970), fn. 14. To establish the claim of *ineffective* assistance of counsel, appellant must show that (1) his trial counsel performed deficiently, that is, performance falling below an objective standard of reasonable representation, and (2) he suffered prejudice, that is, there is a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 16; *accord In re Z.C.*, 12th Dist. Warren Nos. CA2005-06-065, CA2005-06-066, CA2005-06-081, and CA2005-06-082, 2006-Ohio-1787, ¶ 22. The failure to satisfy one prong of this test is fatal to the ineffective assistance of counsel claim. *State v. Ayers*, 12th Dist. Warren Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719, ¶ 49. On review, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14.

{¶ 9} Evid. R. 404(B) prohibits the use of other acts evidence to prove a character trait to demonstrate conduct in conformity with that trait or show the defendant's propensity to commit crime. *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, ¶ 35. However, pursuant to Evid. R. 404(B), evidence of other crimes, wrongs, or acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 10} To determine whether the evidence is admissible pursuant to Evid. R. 404(B), the Ohio Supreme Court has put forth a three-part test. The court must (1) consider the

evidence's relevance, that is, whether it makes any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence; (2) determine whether the evidence is presented for a legitimate purpose as provided under Evid. R. 404(B); and (3) consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 20.

{¶ 11} In this case, the other acts evidence was relevant to the instant acts charged, was used for a legitimate purpose, and the probative value was not substantially outweighed by the danger of unfair prejudice. Appellant's reliance on *In re C.T.*, 8th Dist. Cuyahoga No. 97278, 2013-Ohio-2458, is misplaced because that case found that the other acts evidence was offered by the prosecution merely to show the defendant's propensity to engage in the act charged. Unlike in that case, here, the evidence of appellant's prior instances of watching a pornographic movie and engaging in a continuing course of sexual activity with the victim was relevant to and used for the legitimate purpose of showing appellant's opportunity, plan, and his preparation of the victim for later sexual activity, i.e. grooming of the victim. "Grooming" refers to deliberate actions by the offender to expose a child to sexual material thereby reducing the child's inhibitions and preparing the child for future sexual activity. *Williams* at ¶ 21. This court has previously explained that actions that tend to normalize sexual behavior are relevant to show the offender's steps to prepare a victim for sexual activity. *State v. Kaaz*, 12th Dist. Clinton No. CA2016-05-010, 2017-Ohio-5669, ¶ 45. The victim watching a pornographic movie with appellant and being subjected to repeated incidents of sexual behavior by appellant shows the steps appellant took to normalize sexual activity between himself and the victim and prepare her for sexual activity with him. The "normalization" is evident in that the victim testified that while she was initially confused by the activity, she eventually began to participate voluntarily in the

activity and became afraid of losing appellant.[2]

{¶ 12} Finally, the probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice. There was a high probative value in demonstrating that appellant had an opportunity and plan for sexual activity with the victim and had made an effort to prepare her for it. Moreover, the adjudicatory hearing was tried before the bench. A judge in a bench trial is presumed to have considered only relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. *In re K.B.,* 12th Dist. Butler No. CA2006-03-077, 2007-Ohio-1647, ¶ 11; *accord In re W.H.*, 8th Dist. Cuyahoga No. 89327, 2008-Ohio-915, ¶ 44. Our review of the record shows that the juvenile court did not consider the "other acts" evidence for the impermissible purpose of propensity or conduct in conformity with a character trait.

{¶ 13} Having determined that the complained of "other acts" evidence did not violate Evid. R. 404(B), we find that appellant has failed to demonstrate that his trial counsel's performance was deficient. Accordingly, appellant's ineffective assistance claim is meritless and his first assignment of error is overruled.

{¶ 14} Assignment of Error No 2:

{¶ 15} APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 16} In his second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence because the victim provided inconsistent statements about the alleged acts charged, whereas all the witnesses called by the defense denied any sexual activity occurred, specifically appellant and his younger brother.

{¶ 17} This court applies the same standard of review for a juvenile delinquency

---

2. Consent is not a defense to the acts charged because of the age of the victim. *See In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, ¶ 27.

manifest weight of the evidence challenge as it would for an adult criminal conviction. *In re M.J.C.*, 12th Dist. Butler No. CA2014-05-124, 2015-Ohio-820, ¶ 28. To determine whether the adjudication is against the manifest weight of the evidence the reviewing court must

> look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*In re D.T.W.*, 12th Dist. Butler No. CA2014-09-198, 2015-Ohio-2317, ¶ 33.

{¶ 18} Appellant was adjudicated delinquent for engaging in several acts that would have been rape and gross sexual imposition if committed as an adult. For each of the rape acts charged, the prosecution had to prove that appellant engaged in sexual *conduct* with the victim, that the victim was not appellant's spouse, and that the victim was under the age of 13 — regardless of the appellant's knowledge of the age. R.C. 2907.02(A)(1)(b). Sexual conduct is defined as, among other things, fellatio, cunnilingus, and "without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A). This court has previously defined fellatio as when one's mouth or lips come into contact with the penis. *State v. Speakman*, 12th Dist. Fayette No. CA2010-06-013, 2011-Ohio-3430, ¶ 12. Cunnilingus is defined as the placing of one's mouth on female genitalia. S*tate v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, ¶ 86. For the gross sexual imposition act charged, the prosecution had to prove that appellant engaged in sexual *contact* with the victim, that the victim was not appellant's spouse, and that the victim was under the age of 13 — regardless of the appellant's knowledge of the age. R.C. 2907.05(A)(4). Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of

- 6 -

sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 19} After review of the record, appellant's convictions were not against the manifest weight of the evidence. The victim testified to two distinct events of sexual activity around May to June of 2017 when she was 12 years old and appellant was 16 years old. In the first instance, appellant entered the victim's bedroom while she was alone and sitting on her bed. Appellant gave her a "passionate" kiss on the mouth and simultaneously picked her up off the bed. After picking her up, he proceeded to "slam" her against the door and bring her down to the floor. In the course of these actions, appellant inserted his fingers into the victim's vagina. The victim testified that she realized penetration occurred because she felt pressure in her vagina. Neither appellant, nor the victim spoke to each other during this encounter. Appellant then left the bedroom. Consequently, in this instance, there was an act that constituted both sexual contact and sexual conduct. The sexual contact became sexual conduct when the touching turned into a penetrative act. Therefore, it was not against the manifest weight of the evidence for the juvenile court to adjudicate appellant delinquent for engaging in an act that constituted rape and gross sexual imposition.[3]

{¶ 20} In the second instance, the victim testified that she played the game "truth or dare" with appellant and appellant's younger brother. Appellant and his brother dared each other to undress and run around the house naked. Both of them accepted the dare and then performed the dare, then they dared the victim to undress and run around naked. The victim testified that she left the room and took off her clothes, but when she returned she used a blanket to cover herself. After this, appellant then dared the victim to "suck his ding-

---

3. The Ohio Supreme Court has held that the merger analysis set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, applies to juvenile delinquency proceedings to protect a child's right against double jeopardy. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, paragraph one of the syllabus. Here, the juvenile court merged the gross sexual imposition and rape acts in the disposition entry. Therefore, the juvenile court properly merged appellant's adjudication for gross sexual imposition with his adjudication for rape and it is unnecessary to differentiate the sexual conduct from sexual contact.

a-ling." The victim initially refused, but after more demands by appellant she put her mouth on his penis. At another point, the victim testified that appellant's brother dared appellant to put his mouth on the victim's genitalia. Appellant proceeded to do so. Consequently, the prosecution proved that appellant engaged in two distinct acts of sexual conduct: fellatio and cunnilingus. Therefore, appellant's adjudication for two counts of rape was not against the manifest weight of the evidence.

{¶ 21} While appellant and his brother denied any sexual activity occurred between appellant and the victim, "when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. We find that the juvenile court did not clearly lose its way in resolving conflicts in the evidence and adjudicating appellant delinquent. Accordingly, appellant's second assignment of error is overruled.

{¶ 22} Judgment affirmed.

S. POWELL, J. and RINGLAND, JJ., concur.